F#: 2006R0
JAP:JEG

M06-1271

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ROHAN ELLIS, also known as,
    "Bubba,"

        Defendant.

SEALED COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(21 U.S.C. § 841(a)(1))

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

       ROBERT FOY, being duly sworn, deposes and says, that he
is a Special Agent with the Federal Bureau of Investigation
("FBI"), being appointed according to law and acting as such.

       Upon information and belief, on or about July 21, 2004
and August 5, 2004, both dates being approximate and inclusive,
within the Eastern district of New York, the defendant Rohan
Ellis did knowingly and intentionally distribute and possess with
intent to distribute five grams or more of a substance containing
cocaine base, a Schedule II narcotic controlled substance, in
violation of Section 841(a)(1) of Title 21 of the United States
Code.

       (Title 21, United States Code, Section 841(a)(1))

       The source of my information and the grounds for my
belief are as follows:

       1.   I have been a Special Agent with the FBI for
approximately seven years.  In the course of my tenure with the

FBI, I have been involved in numerous narcotics investigations
and prosecutions.  In the course of those and other
investigations, I have conducted physical surveillance,
supervised or participated in undercover transactions, executed
search warrants, debriefed cooperating defendants and
confidential informants, reviewed taped conversations and
narcotics records, and secured other relevant information using
other investigative techniques.

2.   I am familiar with the facts and circumstances of
this investigation from:  (a) my personal participation in this
investigation, (b) reports made to me by other law enforcement
authorities, (c) information obtained from confidential sources
of information, (d) surveillance conducted by the FBI and reports
of physical surveillance conducted by others, (e) reviewing the
audio and video recordings.

3.   Except as explicitly set forth below, I have not
distinguished in this affidavit between facts of which I have
personal knowledge and facts of which I have hearsay knowledge.
Because this affidavit is being submitted for the limited purpose
of establishing probable cause for the arrest of the above-
specified defendant, I have not set forth each and every fact
learned during the course of this investigation.  Instead, I have
set forth only those facts which I believe are necessary to
establish probable cause for the arrest.

4.   On or about July 21, 2004, a Confidential
Witnesses (hereinafter "CW"), working in an undercover capacity

2

at the direction of the FBI, went to a restaurant known as "The Jerk Hut," located at 884 Rutland Road in Brooklyn to purchase 2 "8-balls"[1] of crack-cocaine from the defendant, ROHAN ELLIS. The CW was provided with an audio/video recorder to record the conversation.  Upon entering the Jerk Hut, the CW was informed by another individual that the defendant was at the apartment attached to the Jerk Hut.  The CW rang the doorbell and was invited in where he was met by the defendant.  The defendant handed the CW approximately 2 8-balls of crack-cocaine in exchange for $260.  The substance provided to the CW on July 21, 2004, later tested positive for approximately 7 grams of cocaine base.

5.    On or about August 5, 2004,  CW and another Confidential Witness (hereinafter "CW2") were both working in an undercover capacity at the direction of the FBI.  CW called the Jerk Hut and informed an individual who answered the telephone that he was looking to purchase one 8-ball of crack-cocaine.  The individual informed the CW to come to the Jerk Hut to pick up the drugs.  The CW was provided with an audio/video recorder to record the conversation, and CW and CW2 proceeded to the Jerk Hut.  Upon arrival at the Jerk Hut, the defendant entered CW's vehicle and instructed CW to drive to the vicinity of East 96th Street and Rutland Road.  Upon arriving, CW paid the defendant $125.  The defendant left the vehicle, returned a short period

---

[1]    An "8-ball" is a term which commonly refers to 1/8 of an ounce, or 3.5 grams, of narcotics.

later and provided CW2 with one 8-ball of crack cocaine.  The substance provided to CW2 on August 5, 2004, later tested positive for approximately 3 grams of cocaine base.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant Rohan Ellis so that he may be dealt with according to law.

ROBERT FOY,
Special Agent
FBI

Sworr
15th                      )6


THE H⸱            ⸱OLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4